10-2936-ag
Dokaj v. Holder

BIA
Balasquide, IJ
A094 044 753

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

VALDETE DOKAJ,
        *Petitioner,*

        v.                                    10-2936-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Parker Waggaman, Woodside, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer L. Lightbody,
                       Senior Litigation Counsel; Stefanie
                       A. Svoren, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Valdete Dokaj, a native and citizen of Albania, seeks review of a June 24, 2010, order of the BIA, affirming the October 1, 2008, decision of Immigration Judge ("IJ") Javier Balasquide, pretermitting her asylum application and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Valdete Dokaj* No. A094 044 753 (B.I.A. June 24, 2010), *aff'g* No. A094 044 753 (Immig. Ct. N.Y. City Oct. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Under the REAL ID Act, which applies to Dokaj's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination

2

as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original) (quoting 8 U.S.C. Section 1158 (b) (1) (B) (iii). *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'").

Substantial evidence supports the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ found Dokaj not credible based on her admission that she had lied at her asylum interview, claiming that, in 2005, she had been dragged into a car, threatened, driven for several miles, and then thrown back out of the vehicle. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2006) ("a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's unauthenticated or uncorroborated evidence"); *see also Diallo v. Gonzales*, 445 F.3d 624, 631–33 (2d Cir. 2006) (reasoning that asylum interviews "take place after the alien has arrived in the United States, has taken the time to submit a formal asylum application, and

3

has had the opportunity to gather his or her thoughts, to prepare for the interview, and to obtain counsel," and are therefore not entitled to the "*special* scrutiny" afforded to airport and credible fear interviews) (emphasis in original).  We are not compelled to find error in the IJ's refusal to credit the explanations Dokaj offered because she first denied that she had lied, and did not admit her fabrication until after the Asylum Officer who had interviewed her had testified.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n.6, 399 n.8 (2d Cir. 2005) (stating that an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates the explanation).  Accordingly, because the adverse credibility determination infected the basis of Dokaj's requests for withholding of removal and CAT relief, the agency was permitted to rely on

4

that finding to deny both forms of relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk